United States Court of Appeals

For the Eighth Circuit

_____

No. 24-1562
_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Jerell Anderson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: October 25, 2024
Filed: November 27, 2024
[Unpublished]
_____

Before LOKEN, SMITH, and GRASZ, Circuit Judges.
_____

PER CURIAM.

     Marcus Anderson was charged with being a prohibited person knowingly in possession of a firearm on February 11, 2023 in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the indictment, arguing the statute violates his Second

Amendment right to keep and bear arms. The district court[1] denied the motion as foreclosed by United States v. Jackson, 69 F.4th 495 (8th Cir.), reh'g and reh'g en banc denied, 85 F.4th 468 (8th Cir. 2023), vacated, 144 S. Ct. 2710 (2024). Anderson then pleaded guilty to a § 922(g)(1) violation, preserving the right to appeal this Second Amendment ruling. The district court sentenced him to 50 months imprisonment on March 4, 2024.

Anderson appealed, arguing that § 922(g)(1) is unconstitutional, on its face and as applied, and acknowledging that the issue was then governed by controlling Eighth Circuit precedent, Jackson and United States v. Cunningham, 70 F.4th 502 (8th Cir. 2023), reh'g and reh'g en banc denied, No. 22-1080 (8th Cir. 2023), vacated, 144 S. Ct. 2713 (2024). The Supreme Court granted writs of certiorari in Jackson and Cunningham and remanded for further consideration in light of United States v. Rahimi, 144 S. Ct. 1889 (2024). On remand, our panels again ruled that § 922(g)(1) is not unconstitutional. United States v. Jackson, 110 F.4th 1120 (8th Cir. 2024) (Jackson II); United States v. Cunningham, 114 F.4th 671 (8th Cir. 2024) (Cunningham II). Jackson and Cunningham petitioned for rehearing en banc.

This appeal was submitted after oral argument on October 25, 2024, with the Jackson II and Cunningham II petitions for rehearing still pending. A divided en banc Court has now denied panel rehearing and rehearing en banc in both cases. Order, United States v. Jackson, No. 22-2870, 2024 WL 4683965 (8th Cir. Nov. 5, 2024); Order, United States v. Cunningham, No. 22-1080, 2024 WL 4683878 (8th Cir. Nov. 5, 2024). These two Eighth Circuit decisions, which the district court properly ruled to be controlling precedent, are now final, subject to further Supreme Court review. We therefore affirm the judgment of the district court.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

GRASZ, Circuit Judge, concurring.

I concur in the opinion in full. This case is controlled by Jackson II. As a result, the panel is bound to affirm. I write separately to reiterate my view that the court's analysis in Jackson II was, and is, erroneous in precluding all as-applied challenges. This approach strays from Supreme Court precedent and continues to treat the Second Amendment rights of litigants as third-class privileges. Cf. Rahimi, 144 S. Ct. at 1898–1903 (applying § 922(g)(8) within a tradition meant to prevent individuals who pose a credible threat to others from misusing firearms and concluding § 922(g)(8) survived a facial challenge because "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment"); id. at 1909 (Gorsuch, J., concurring) (noting the court's resolution of the facial challenge "necessarily leaves open the question whether the statute might be unconstitutional as applied in 'particular circumstances'" (quoting United States v. Salerno, 481 U.S. 739, 751 (1987))).

_____